## Commonwealth v. Geiger

*Tom. H. Bietsch,* Assistant District Attorney, for Commonwealth.

*Henry F. Coyne,* for defendant.

SHUGHART, P. J., July 2, 1974.—On January 4, 1973, defendant was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor, pursuant to a warrant procured on the complaint of Police Officer Cloyd W. Motter, of Lemoyne, from District Justice of the Peace Wesley Cassell. At the time of the arrest, he refused to submit to a sobriety test. Subsequently, defendant was charged with disorderly conduct under a borough ordinance of Lemoyne on complaint of Gerald E. Christine, Chief of Police of Lemoyne. On January 5th, defendant delivered $324 to the district justice to satisfy the disorderly conduct charge which was not actually filed until January 8th. The district justice accounted for $124 of the $324 by payment to the municipality and the county; there is no accounting for the $200 balance. The charge of operating under the influence was not prosecuted and the refusal of defendant to take a sobriety test was never forwarded to the Commonwealth.

The foregoing facts were discovered by the district attorney through an investigation of irregularities in the office of District Justice of the Peace Cassell, and Patrolman Motter was directed to file another operating under the influence charge against defendant.

This charge was filed before a different district justice on November 2, 1973. Following a preliminary hearing, the case was returned to court and an indictment approved by the grand jury.

Defendant has filed a motion to quash the indictment on the grounds of double jeopardy or autrefois convict, relying upon the case of Commonwealth v. Campana, 452 Pa. 233 (1973), in which it was held that all charges arising from a single criminal episode had to be brought in a single proceeding. Although the defense does not appear on the record, with the concurrence of the district attorney testimony was taken with a view to ascertain the facts necessary to dispose of the motion for dismissal on the grounds of double jeopardy. The testimony has been taken, the briefs filed, and the matter is now ripe for decision.

A review of the testimony establishes the fact that the original charge of operating under the influence was fixed. Clearly, the district justice of the peace was involved and he has been prosecuted, has entered a plea of guilty and has been sentenced. He has also resigned from office and a successor has been appointed, has qualified, and is now conducting the affairs of office. As a result of the fix, the district justice, and perhaps others, received $200. Defendant escaped a misdemeanor prosecution and avoided revocation of his license which would have resulted from his refusal to take the sobriety test, even had he been acquitted of the influence charge. Defendant disclaims knowledge that he was charged with driving under the influence and, therefore, the knowledge that he engaged in an improper disposition of the case. His testimony as to what happened and as to what he remembered or failed to remember is far from convincing. The circumstances narrated above alone would justify the refusal

to quash the indictment in this case. Certainly, no stretch of criminal process could permit an individual to escape a misdemeanor charge through a dishonest and collusive plea to an irrelevant or inapplicable summary charge even under the most liberal interpretation of Commonwealth v. Campana, supra.

Prior to the Campana decision, supra, it is clear that the plea of guilty to the disorderly conduct charge would not have prevented the prosecution for operating under the influence. See Ashe v. Swenson, 397 U. S. 436 (1970); Waller v. Florida, 397 U. S. 387 (1970); Commonwealth v. Bateman, 51 D. & C. 2d 754, 21 Cumb. 36 (1971).*

In Commonwealth v. Beam, 227 Pa. Superior Ct. 293, 301 (1974), Judge Hoffman said: "We hold, therefore, that the rule of Commonwealth v. Campana, should be applied only in those cases in which the first prosecution is brought after the date that case was decided." The original Campana decision was handed down May 4, 1973 whereas, this prosecution occurred at the latest January 8, 1973. The Campana decision, therefore, does not bar the present prosecution.

## ORDER OF COURT

And now, July 2, 1974, for the reasons stated, defendant's motion to dismiss the charges on the basis of the doctrine of double jeopardy or autrefois convict be and is hereby overruled and the petition, therefore, dismissed.

---

* The original decision of the Supreme Court of Pennsylvania in Campana dated May 4, 1973, on certiorari to the United States Supreme Court was remanded to the Supreme Court of Pennsylvania "to consider whether its judgments are based on federal or state constitutional grounds, or both": 38 L. Ed. 2d 44 (1973).